HOMER O. TURLEY V. THE STATE.

No. 10054.   Delivered March 31, 1926.

**Wife Desertion—Continuance—Properly Refused.**

> Where a complaint and information charging wife desertion was filed against appellant on the 13th day of October, 1925, and the proof showed that he did desert his wife on the 15th day of January, prior thereto, his application for a continuance to take the depositions of a witness out of the state and by him establish that appellant was sick during part of the months of February and March, 1925 was properly refused.  The testimony of this absent witness, if present, would present no defense to the state's case.

Appeal from the County Court of Collingsworth County. Tried below before the Hon. R. H. Templeton, Judge.

Appeal from a conviction for wife desertion, penalty a fine of $200.00.

The opinion states the case.

No brief filed for appellant.

*Edward Brown,* County Attorney of Collingsworth County, *Sam D. Stinson,* State's Attorney, and *Robt. M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is wife desertion and the punishment is a fine of $200.00.

The information charges that the desertion took place on the 15th day of January, 1925.  The appellant filed an application for a continuance on account of insufficient time to take the deposition of the witness A. S. Shute, who resides in Denver, Colorado.  The application merely states that the witness Shute will testify that during parts of the months of February and March, 1925, he was in the employ of said Shute and was sick during said time with the "Flu" and near pneumonia and that all the time the defendant was able to work he worked for said witness, but that said defendant had to quit said work and was ill for many days and was at a great expense in being cared for while sick as aforesaid and that such testimony is material to the defendant's defense herein.

The complaint and information was filed in this case on the 13th day of October, A. D. 1925, and it charged that the appellant deserted his wife and unlawfully and without justification neglected and refused to provide for her support and maintenance and that she was then and there in destitute and necessitous circumstances. The state's testimony was entirely sufficient

to show that appellant did desert his wife on the 15th of January and it shows, without dispute, that she was in destitute and necessitous circumstances until the very time of the filing of the complaint and information herein and that he did not support her. The appellant offered no testimony on the trial of the case. This being the condition of the record, we are unable to lead ourselves to the conclusion that if the deposition of the witness Shute had been obtained and he had testified to everything contained in appellant's application for a continuance that this would or could have resulted in the appellant's acquittal. The state had a right to show that the offense was committed any time within the period of limitation, provided only it preceded the date of the filing of the complaint. This being true, we do not understand that the fact that appellant may have had an excuse for failing to support his wife in February and March would have within itself been sufficient to show a justification for so doing in the time intervening between March and October the 13th, when the complaint was filed. In determining the question of the court's ruling on a motion for continuance we must view the record as presented on the trial and ordinarily this court will not hold that reversible error is shown in overruling a motion for a continuance when the record affirmatively shows that the testimony of the absent witness could not have warranted the jury in rendering a more favorable verdict when considered in connection with the entire record in the case. This being true, we conclude in the instant case that reversible error is not shown by the court's action in overruling the application for a continuance.

There being no error found in this record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Morrow, P. J., absent.